IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS LOVE,                        )
                                   )
            Plaintiff,              )
                                   )
    v.                              )    C.A. No. 25-499-JLH-EGT
                                   )
NEW CASTLE COUNTY POLICE            )
OFFICER DEVON WILLIAMS, NEW         )
CASTLE COUNTY POLICE OFFICER        )
WHITE and NEW CASTLE COUNTY         )
POLICE OFFFICER KAPA,               )
                                   )
            Defendants.             )

**REPORT AND RECOMMENDATION**

Plaintiff Thomas Love, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The original Complaint was screened by Judge Hall, who allowed all claims to proceed. (D.I. 9). Presently before the Court is the motion of New Castle County Police Officers Devon Williams, Eric White and Zachary Kapa (collectively, "Defendants") to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.I. 19). For the reasons set forth below, the Court recommends that Defendants' motion be GRANTED-IN-PART and DENIED-IN-PART.

I.      **BACKGROUND**

According to the Complaint, on January 5, 2020, Plaintiff entered the back door of an abandoned house in New Castle County, Delaware at around 5:00 p.m. and went upstairs to sleep. (D.I. 3 at 5). Sometime between 5:50 p.m. and 7:35 p.m., Defendants Williams, White and Kapa arrived on the scene with Defendant Williams's K-9 police dog "Gucci." (*Id.*). Plaintiff alleges that, after sleeping for several hours, he "woke up to shouts and flashlights and a dog running

around." (*Id*.). "[C]learly unarmed and disoriented," Plaintiff then went to the top of the staircase "as ordered." (*Id*.). Plaintiff was unable to walk down the steps "[d]ue to being drunk," and "instead of coming up the steps to make the arrest," Defendant Williams commanded the K-9 police dog to "bite/attack." (*Id*.). Plaintiff alleges that the ensuing attack caused severe injuries to his left arm, neck, shoulder and head. (*Id*. at 5-6). After being arrested and handcuffed, Plaintiff was apparently taken to the emergency room, where he was treated for puncture wounds on his left arm and for trauma to his head and neck. (*Id*. at 6-7).

Then represented by counsel, Plaintiff filed his original § 1983 action on January 5, 2022, alleging that Defendant Williams violated Plaintiff's Fourth and Fourteenth Amendment rights by using excessive force during the January 2020 arrest. (*See* D.I. 19, Ex. A ¶¶ 1 & 19-24) (complaint from first action).[1] Plaintiff did not name or otherwise mention Officers White and Kapa in the first action. (*See generally id*.). On May 24, 2022, pursuant to Rules 12(b)(4) and 12(b)(5), Defendant Willams (and several New Castle County agencies) sought to dismiss the complaint in the original action for failure to effect service within the time limit set by Rule 4(m). *See Love v. New Castle Cnty.*, C.A. No. 22-22-JLH, 2024 WL 2880424, at *1 (D. Del. June 7, 2024). Plaintiff did not respond to the motion for months, finally asking for an extension of time at the end of August 2022. *Id*. Plaintiff's request was granted, but he was warned that any response must

---

[1]    In the first action, Plaintiff also asserted various state law claims against Defendant Williams, including common law assault and battery, negligence and reckless or wanton conduct. (D.I. 19, Ex. A ¶¶ 36-51). Plaintiff also named New Castle County, New Castle County Department of Public Safety and New Castle County Police Department as defendants, alleging that they were liable pursuant to § 1983 for unconstitutional policies, customs and/or practices under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and its progeny. (D.I. 19, Ex. A ¶¶ 2 & 26-35). In the present Complaint, Plaintiff did not maintain his previously asserted state law claims against Defendant Williams or any claims against New Castle County, New Castle County Department of Public Safety and New Castle County Police Department. (*See* D.I. 3).

demonstrate that proper service had been effectuated or show good cause for failing to do so. *Id*. Plaintiff responded, and briefing concluded. *Id*. On June 7, 2024, Judge Hall found that Plaintiff had failed to timely effectuate service on the defendants or demonstrate good cause to extend the deadline under Rule 4(m). *See id*. at \*1-2. After declining to exercise her discretion and extend the service deadline, Judge Hall granted the defendants' motion and dismissed Plaintiff's complaint without prejudice. *See id*.

On April 24, 2025 and now proceeding *pro se*, Plaintiff filed the present case, again alleging that Defendant Williams violated his Fourth Amendment rights by subjecting him to excessive force during the January 2020 arrest. (D.I. 3 at 5-8). Plaintiff now names Officers White and Kapa as Defendants, claiming that they are liable pursuant to § 1983 for their failure to intervene during the encounter. (*Id*.). On March 25, 2026, Defendants filed the current motion to dismiss the Complaint, arguing that Plaintiff's excessive force claims are barred by the statute of limitations. (D.I. 19). Briefing concluded on March 20, 2026. (D.I. 24 & 25).[2]

## II.    **LEGAL STANDARD**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware*

---

[2]    Without seeking leave, Plaintiff filed an "Addendum" to his answering brief on April 13, 2026, which the Court views as a sur-reply brief. (D.I. 33). Local Rule 7.1.2(b) prohibits parties from filing sur-reply briefs without Court approval. Even if the Court considers Plaintiff's unauthorized "Addendum" in connection with this motion, dismissal is still warranted. Plaintiff is warned that any future improperly filed papers may be stricken. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 535 (D. Del. 2009) (striking *pro se* plaintiff's improperly filed sur-reply), *aff'd*, 350 F. App'x 605 (3d Cir. 2009).

*(J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at \*3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III.    **DISCUSSION**

In this case, Plaintiff seeks damages under § 1983 for injuries that he allegedly sustained in connection with his arrest on January 5, 2020. Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the cause of action accrued. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from the date the alleged injuries were sustained. 10 *Del. C.* § 8119; *see also Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (claims under § 1983 accrue when plaintiff knew or should have known of the actionable injury).

Defendants seek dismissal here on the basis that Plaintiff's excessive force claims are barred by the statute of limitations because the Complaint in this action was filed more than two years after the January 2020 arrest. (D.I. 19). The parties vehemently dispute whether (and how)

the Delaware savings statute, 10 *Del. C.* § 8118(a), applies to Plaintiff's now five-year old

excessive force claims in this case.  (*Compare* D.I. 24 at 3-4 (Plaintiff insisting that his excessive

force claims are not barred by the statute of limitations based on Delaware's savings statute), *with*

D.I. 25 ¶¶ 9-24 (Defendants arguing that Delaware savings statute does not apply to § 1983 claims,

cannot apply to certain defendants and should not apply because of attorney neglect)).  Plaintiff

also belatedly attempts to save his claims by asking for equitable tolling based on "other

extraordinary circumstances." (D.I. 33).  The Court begins with the Delaware savings statute.

### A.    Delaware Savings Statute

The Delaware savings statute "provides exceptions to the applicable statute of

limitations in certain instances where the plaintiff has filed a timely lawsuit, but is procedurally

barred from obtaining a resolution on the merits." *Reid v. Spazio*, 970 A.2d 176, 180 (Del. 2009).

The statute recites:

> If in any action duly commenced within the time limited therefor in
> this chapter, the writ fails of a sufficient service or return by any
> unavoidable accident, or by any default or neglect of the officer to
> whom it is committed; or if the writ is abated, or the action otherwise
> avoided or defeated by the death of any party thereto, or for any
> matter of form; or if after a verdict for the plaintiff, the judgment
> shall not be given for the plaintiff because of some error appearing
> on the face of the record which vitiates the proceedings; or if a
> judgment for the plaintiff is reversed on appeal or a writ of error; a
> new action may be commenced, for the same cause of action, at any
> time within 1 year after the abatement or other determination of the
> original action, or after the reversal of the judgment therein.

10 *Del. C.* § 8118(a).  Originally enacted in 1829, the statute is "designed to mitigate against the

harshness of the defense of the statute of limitations raised against a plaintiff who, through no fault

of his own, finds his cause technically barred by the lapse of time." *Giles v. Rodolico*, 140 A.2d

263, 267 (Del. 1958).

Despite Defendants' argument to the contrary (D.I. 25 ¶¶ 10-18), the Delaware savings statute does apply to excessive force claims brought pursuant to § 1983. Not only are § 1983 statute of limitations issues governed by state law, but "closely related questions of tolling and application" are also governed by state law. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-81 (2004); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975) ("In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application."); *Fisher v. Hollingsworth*, 115 F.4th 197, 211 (3d Cir. 2024). Although never expressly addressed by the Third Circuit,[3] this Court finds that the Delaware savings statute falls within that category of "closely related questions of tolling and application." *Cf. Hartsel v. Vanguard Grp. Inc.*, 648 F. App'x 265, 268 (3d Cir. 2016) (noting that the Delaware savings statute may, in certain situations, toll statute of limitations for claims "dismissed on purely procedural or technical grounds"). The Delaware savings statute is thus available as a tolling mechanism for § 1983 claims.

The Court now turns to the issue of whether the Delaware savings statute does, in fact, save any of Plaintiff's claims here.

---

[3] Several courts, including the Sixth and Seventh Circuits, have found that state savings statutes fall within the "closely related questions of tolling and application" category and therefore apply to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) ("Among the tolling provisions interrelated with the statute of limitations [in § 1983 actions], . . . is the Ohio Savings Statute."); *Beck v. Caterpillar Inc.*, 50 F.3d 405, 406 (7th Cir. 1995) ("When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated." (citing *Wilson*, 471 U.S. at 269 & n.17)); *see also Jordan v. Bell*, No. 4:21-CV-1242 HEA, 2025 WL 973755, at *5 (E.D. Mo. Mar. 31, 2025) ("Because Plaintiffs' §§ 1983 and 1985 claims borrow Missouri's statute of limitations, they also borrow Missouri's savings clause . . . ." (internal citations omitted)).

1.    Plaintiff's § 1983 Claims Against Defendant Williams

The Delaware saving statute tolls (*i.e.*, saves) Plaintiff's claims with respect to previously named Defendant Williams.  For the savings statute to apply, "(1) the original action must have been duly commenced; and (2)(a) the writ was abated, or (b) the action was avoided or defeated for any matter of form."  *Criswell v. McFadden*, C.A. No. 05-321 (GMS), 2006 WL 435717, at *2 (D. Del. Feb. 23, 2006).  Additionally, the savings statute requires that the new action be filed "within one year after the abatement or other determination of the original action."  *Kaufman v. Nisky*, No. CIV.A. N11C04204 JRS, 2011 WL 7062500, at *2 (Del. Super. Ct. Dec. 20, 2011).  By filing the first action within the two-year statute of limitations – albeit on the very last day – Plaintiff's original action against Defendant Williams was "duly commenced."  *See id.* at *3 (finding that original action "filed within the two year statute of limitations" was "duly commenced"); *Marvel v. Prison Indus.*, 884 A.2d 1065, 1068 (Del. Super. Ct. 2005) (same).  And because the first action was dismissed without prejudice for failure to timely serve pursuant to Rule 4(m), the action was "avoided or defeated" for a "matter of form."  *See Ricketts v. Brown*, No. CV N16C-06-218 CEB, 2017 WL 6550431, at *2 (Del. Super. Ct. Dec. 20, 2017); *Kaufman*, 2011 WL 7062500, at *3.  Moreover, by filing the present Complaint within one year of Judge Hall's dismissal of the first action, Plaintiff's new action was filed "within one year after the abatement or other determination of the original action."  *See Kaufman*, 2011 WL 7062500, at *3. Therefore, by operation of the Delaware savings statute, Plaintiff's excessive force claim against Defendant Williams under § 1983 is not barred by the statute of limitations.

Defendant nevertheless attempts to avoid application of the savings statute by arguing that Plaintiff's original action was dismissed for "total neglect of the attorney."  (D.I. 25 ¶¶ 20-23). "Delaware courts have not applied the Savings Statute when the action was dismissed based on a failure to prosecute, total neglect of the attorney, or mistaken strategic decisions by counsel."

7

*Hartsel*, 2015 WL 331434, at *4 (cleaned up).  Here, Plaintiff's counsel was remiss in failing to timely respond to Defendant's motion to dismiss in the first action, but Plaintiff's counsel eventually did respond after being ordered to do so, and the case was thereafter dismissed on a "matter of form" (*i.e.*, failure to timely serve).  *See Love*, 2024 WL 2880424, at *1-2.  This set of facts is very different than the sole case relied on by Defendants (*O'Donnell*), where the plaintiff's attorney never responded to a motion to dismiss (even when prompted by the court) and the matter was dismissed with prejudice – and never appealed.  *O'Donnell v. Nixon Unif. Serv., Inc.*, No. CIV.A. 01C-10-291RRC, 2003 WL 21203291, at *1 & *5 (Del. Super. Ct. May 20, 2003).  Ultimately, the Court is unable to conclude here that Plaintiff's first action was dismissed for "***total*** neglect of the attorney."  *Hartsel*, 2015 WL 331434, at *4 (emphasis added).

In sum, the Delaware savings statute applies to Plaintiff's excessive force claim against Defendant Williams.  Because the statute of limitations is tolled, the claim is not time-barred.

### 2.    Plaintiff's § 1983 Claims Against (New) Defendants White and Kapa

On January 5, 2022 – exactly two years after his arrest – Plaintiff filed his original § 1983 action for the underlying incident but did not name Officers White or Kapa as defendants or otherwise mention their involvement in the pleading.  (*See generally* D.I. 19, Ex. A).  Now, over five years after the January 5, 2020 arrest, Plaintiff names Officers White and Kapa as defendants for the first time in the Complaint in this case.  (D.I. 3).  Because the Delaware savings statute cannot apply to defendants added only after the statute of limitations has run, Plaintiff's excessive force claims against Defendants White and Kapa are barred by the statute of limitations.  *See Watson v. Div. of State Police*, No. N23C-06-239 CEB, 2025 WL 2207123, at *2 (Del. Super. Ct. Aug. 4, 2025) ("[T]he Complaint cannot save what it never had – and it never had the individual defendants until after the statute had run.  Thus, the Court must dismiss the individual defendants

as they were sued outside the statute of limitations."); *see also Vari v. Food Fair Stores, New Castle Inc.*, 205 A.2d 529, 530 (1964).

### B.    Equitable Tolling

Plaintiff's equitable tolling argument also does not save his excessive force claims against Defendants White and Kapa.  First, the argument is untimely as only presented in an unauthorized sur-reply.  (*See* D.I. 33).  Moreover, equitable tolling is an "extreme remedy" that courts use "only sparingly."  *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 752 (3d Cir. 2020).  Plaintiff bears the ultimate burden of establishing that he exercised "reasonable diligence" in investigating and bringing his claims and that equitable tolling is warranted.  *Cropper v. Parker*, C.A. No. 25-812-MAK, 2026 WL 1113526, at *3 (D. Del. Apr. 24, 2026) (citing *Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021)).  "Equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."  *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).  Because Plaintiff raises only the second scenario, the Court does not address the other two.  *Id*.

Here, Plaintiff argues that numerous "other extraordinary circumstances" prevented him from timely asserting his claims, including (1) his incarceration since January 5, 2020, (2) the COVID-19 pandemic, (3) this Court's alleged "stay[ing]" of his § 1983 claims during the pendency of his state criminal proceedings, (4) Delaware's alleged fabrication of charges against him, (5) limited contact with his attorneys during the pandemic and (6) "extraordinary" Court delays in ruling on defendants' original motion to dismiss in the first action.  (*See* D.I. 33).  Setting

9

aside the issue of whether these theories must be raised in the Complaint,[4] none of the purported "extraordinary circumstances" explain why Plaintiff was unable to name Defendants White and Kapa in the originally filed action, considering he was able to name Defendant Williams.  At the very least, Plaintiff could have named White and Kapa as John Does.  And even if the offered "extraordinary circumstances" were specific to Defendants White and Kapa (but exclusive of Williams), the Court is unpersuaded that Plaintiff's generic and often unsubstantiated complaints about his circumstances would be sufficient to invoke equitable tolling here.[5]

Ultimately, Plaintiff has failed to meet his burden of establishing that the "extreme remedy" of equitable tolling is appropriate with respect to Defendants White and Kapa.  *See D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 752 (3d Cir. 2020).  Given the span of time between the complained-of arrest and White and Kapa first being named as defendants (*i.e.*, over five years),

---

[4]    It is wholly unclear whether a plaintiff must plead facts – or anything at all – to invoke the doctrine of equitable tolling.  *Compare Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) ("The district court was to accept all allegations of fact as true and draw all reasonable inferences in Oshiver's favor.  Therefore, all that was required of Oshiver at this stage was that she plead the applicability of the doctrine [of equitable tolling]." (citation omitted)), *overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (en banc), *with Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 (3d Cir. Apr. 22, 2022) (imposing burden on plaintiff to invoke equitable tolling at motion to dismiss stage would improperly require plaintiff to plead around an affirmative defense).  The Court suspects that where, as here, it is clear from the face of the pleading that a claim is time-barred, the plaintiff does bear some burden of pleading that equitable tolling applies – and why.

[5]    *See Lloyd*, 857 F. App'x at 64 (general allegations of "'illness,' attorney neglect, poverty, homelessness, and childcare issues" insufficient to justify equitable tolling); *Meeks v. Doe*, No. 4:23-CV-1240, 2025 WL 1401658, at *3 (M.D. Pa. May 14, 2025) ("Meeks failed to show that the COVID-19 pandemic, as opposed to his own lack of diligence, accounted for his failure to timely file his federal claims."); *Dates v. Winters*, No. CV 21-0037, 2022 WL 1157890, at *3 (E.D. Pa. Apr. 19, 2022) ("Courts have uniformly held that such plaintiffs [seeking equitable tolling based on COVID-19] must show that the pandemic specifically and actually impeded their ability to take action within the statute of limitations – it is not enough to invoke the pandemic as a catch-all extraordinary circumstance." (collecting cases)).

amendment would be futile and the Court further recommends that Plaintiffs' claims against Defendants White and Kapa be dismissed with prejudice. *See, e.g., Williams v. Stack*, No. 23-2685, 2024 WL 3548766, at *1 (3d Cir. July 26, 2024) (affirming Rule 12(b)(6) dismissal with prejudice of § 1983 claim where alleged events occurred "between 2015 and 2019" but plaintiff filed action in May 2022 and "no basis for equitable tolling" applied).

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss (D.I. 19) be GRANTED-IN-PART and DENIED-IN-PART. Specifically, the Court recommends that Defendants' motion be GRANTED as to Defendants White and Kapa and DENIED as to Defendant Williams.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  July 8, 2026

_____
UNITED STATES MAGISTRATE JUDGE

11