**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THOMAS LOVE,<br><br>Plaintiff,<br><br>v.<br><br>NEW CASTLE COUNTY POLICE OFFICER DEVON WILLIAMS, NEW CASTLE COUNTY POLICE OFFICER WHITE, and NEW CASTLE COUNTY POLICE OFFFICER KAPA,<br><br>Defendants. | ) | C.A. No. 25-499-JLH-EGT |

**ORDER**

At Wilmington, this 25th day of August, 2026:

WHEREAS, on July 8, 2026, Magistrate Judge Eleanor G. Tennyson issued a Report and Recommendation (D.I. 35 ("R&R")) recommending that the Court grant-in-part and deny-in-part Defendants' motion to dismiss (D.I. 19);

WHEREAS, the R&R recommended that the Court deny the motion to dismiss with respect to the claim(s) against Defendant Williams, and Defendants did not object to that recommendation;

WHEREAS, the R&R recommended that the Court grant the motion to dismiss the claims against Defendants White and Kapa on the basis that they are barred by the statute of limitations;

WHEREAS, Plaintiff objected to the R&R's recommendation to dismiss the claims against Defendants White and Kapa (D.I. 36), and Defendants responded to the Objections (D.I. 37);

WHEREAS, the Complaint alleges that Defendants White and Kapa were involved in an incident in 2020, in which Plaintiff was allegedly subjected to excessive force;

WHEREAS, Plaintiff filed this case in 2025 and asserts claims for damages under 42 U.S.C. § 1983 against Defendants White and Kapa in their individual capacities;

WHEREAS, the R&R correctly observed that the allegations in the complaint facially show that Plaintiff's claims against White and Kapa are time-barred;

WHEREAS, Plaintiff argues in his Objections that equitable tolling should apply, but Plaintiff has not suggested any legally sufficient basis on which the Court would grant equitable tolling of the limitations period for the claims against White and Kapa in their individual capacities, *see Rascoe v. Cody*, 763 Fed. App'x 228, 232 (3d Cir. 2019) (explaining that equitable tolling requires extraordinary circumstances and diligence);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the R&R (D.I. 36) are OVERRULED.

2. The R&R (D.I. 35) is ADOPTED.

3. Defendants' motion to dismiss (D.I. 19) is DENIED-IN-PART and GRANTED-IN-PART. The motion is DENIED as to the claim(s) against Defendant Williams. The motion is GRANTED as to the claims against Defendants White and Kapa. The claims against Defendants White and Kapa are DISMISSED.

The Honorable Jennifer L. Hall
United States District Judge